IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL M. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV. A. NO. 24-00179-JB-MU |
| | ) | |
| OFFICER CHRIS KEITH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Michael M. Johnson filed a complaint, without the assistance of an attorney, seeking relief under 42 U.S.C. § 1983, as well as a motion to proceed without prepayment of fees. (Docs. 1, 2). This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). The undersigned has conducted an initial review of Johnson's complaint pursuant to 28 U.S.C. § 1915A, which requires courts to perform a screening review of any civil complaint filed by a prisoner against a government official. *See* 28 U.S.C. § 1915A(a). After review, it is recommended that this action be transferred to the United States District Court for the Middle District of Alabama, Southern Division.

Johnson's complaint lists Officer Chris Keith, a correctional officer at Henry County Jail, and Julian A. Savannah, a supervisor at Henry County Jail, as Defendants in this action. Johnson alleges that on May 1, 2024, Defendants removed him from his cell at Henry County Jail and placed him in a "pod" where he previously had a verbal altercation. Johnson claims he had enemies in the "pod" and pleaded with Officer Keith

to not be put in the "pod." Upon the orders of Julian Savannah, Officer Keith transferred Johnson to the "pod," where Johnson was "violently attacked."

There are no facts in the complaint that demonstrate any connection to the Southern District of Alabama. Consequently, this Court does not have jurisdiction over this action. A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b); *see New Alliance Party of Ala. v. Hand*, 933 F.2d 1568, 1570 (11th Cir. 1991) (per curiam) (applying § 1391(b)'s venue provisions to a § 1983 action).

When a case is filed in a district that is not the proper venue (or place), a district court must dismiss the case or, if it is in the best interest of justice, transfer the case to any district where the case could have properly been brought. 28 U.S.C. § 1406(a); *see Kapordelis v. Danzig*, 387 F. App'x 905, 906-07 (11th Cir. 2010) (per curiam) (affirming *sua sponte* transfer of a *Bivens* action from New York to Georgia pursuant to § 1406(a)). "The interests of justice generally favor transferring a case to the appropriate judicial district rather than dismissing it." *Hemispherx Biopharma, Inc. v. MidSouth Capital, Inc.*, 669 F. Supp. 2d 1353, 1359 (S.D. Fla. 2009).

Here, Johnson claims that while confined at Henry County Jail, Defendants, who are officers at Henry County Jail, violated his Eighth Amendment rights by placing him "in a life threatening situation" and allowing him to be assaulted by other inmates in the

pod. (Doc. 1 at 5). The Court takes judicial notice of the fact that Henry County Jail is in Henry County, Alabama, which lies within the Middle District of Alabama, Southern Division. *See* 28 U.S.C. § 81(b)(2). Johnson does not allege that either Defendant resides in the Southern District of Alabama, and none of the events or omissions giving rise to Johnson's complaint are alleged to have occurred in this district. Accordingly, venue is lacking. However, venue appears to be proper in the Middle District of Alabama, Southern Division.

Considering Johnson is pursuing this suit without the assistance of an attorney, it is **RECOMMENDED**, in the interest of justice, that this action be **TRANSFERRED** to the United States District Court for the Middle District of Alabama, Southern Division, pursuant to 28 U.S.C. § 1406(a).

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if

necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **4th** day of **June, 2024.**

                                            **/s/ P. BRADLEY MURRAY.**
                                            **UNITED STATES MAGISTRATE JUDGE**