IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL M. JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:24-CV-389-WKW ) [WO] |
| CHRIS KEITH AND JULIAN A. SAVANNAH, | ) ) ) |
| Defendants. | ) |

# **ORDER**

Plaintiff Michael M. Johnson, proceeding *pro se*, commenced this action on May 31, 2024, in the Southern District of Alabama on a form complaint used by inmates to file 42 U.S.C. § 1983 actions. That form provided that Plaintiff "shall immediately advise the court in writing of any change in his address" and that a "failure to notify the court of a new address will result in the dismissal of this action for failure to prosecute and to obey the court's order." (Doc. # 1 at 7.) The court in the Southern District of Alabama transferred Plaintiff's action to this court on July 1, 2024, because Plaintiff's alleged conduct occurring in the Henry County Jail, and there were no facts demonstrating any connection to the Southern District of Alabama. (*See* Docs. # 4, 5, 6.)

After the action was transferred to this district, the court entered an Order on July 8, 2024 (Doc. # 7), which was mailed to Plaintiff's address of record but was later returned as undeliverable (Doc. # 8). Thereafter, a Recommendation (Doc. # 9), later withdrawn, also was returned as undeliverable (Doc. # 10). Accordingly, on December 5, 2024, the Magistrate Judge entered an Order requiring Plaintiff to provide, by December 16, 2024, a current address or show cause why this action should not be dismissed for failure to prosecute. (Doc. # 11.) That Order also was returned as undeliverable, and the return indicated that Plaintiff had been released from the Henry County Jail (Doc. # 12 at 1).

Based on Plaintiff's failure to comply with the court's orders, on January 23, 2025, the Magistrate Judge filed a Recommendation for dismissal of this action without prejudice. (Doc. # 13.) The authority of courts to dismiss cases for failure to obey court orders is supported by Rule 41(b) of the Federal Rules of Civil Procedure and controlling case law. (*Id.* at 2.) Objections from Plaintiff were due by February 6, 2025; however, to date, no objections have been filed. In fact, this Recommendation also was returned as undeliverable. (Doc. # 14.)

Based upon the foregoing and an independent review of the record as a whole, the dismissal of this action without prejudice is appropriate. Plaintiff has failed to notify the court of a change of address, notwithstanding the clear directive in the form Complaint to do so. More than ten months have passed since Plaintiff initiated

2

this action, and there has been no appearance from him, as evidenced by multiple Orders and Recommendations sent to Plaintiff's address that were returned as undeliverable.

It is ORDERED, therefore, as follows:

(1)     The Recommendation (Doc. # 13) is ADOPTED; and

(2)     Plaintiff's action is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 14th day of April, 2025.

                                                /s/ W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE